ERION, APPELLEE, *v.* TIMKEN COMPANY, APPELLANT; MELLON
NATIONAL BANK AND TRUST COMPANY, APPELLEE

(Nos. 76AP-404 and 76AP-455—Decided October 12, 1976.)

*Messrs. Campbell & Hadden, Mr. E. Bruce Hadden*
and *Mr. J. David Harris,* for Mary Ann Erion.
*Messrs. Day, Ketterer, Raley, Wright & Rybolt, Mr.
John F. Buchman, Messrs. Porter, Stanley, Platt & Arthur,
Mr. Charles J. Kurtz, III,* and *Mr. A. Michael Knapp,* for
the Timken Company and Mellon National Bank & Trust
Co.

HOLMES, J.   These matters involve the appeal of a
judgment of the Court of Common Pleas of Franklin Coun-
ty, which was rendered upon a jury verdict for the sum of
$11,721.80 as the amount deemed to be due the plaintiff
under a pension plan established by the Timken Company

for its employees. Such amount was found by the jury to be due this plaintiff as the surviving spouse of John H. Erion, deceased, a former employee of the Timken Company for approximately 32 years.

The basic facts that gave rise to this matter were that the Timken Company, due to a series of negotiations with its employees in 1968, settled with the employees' union on a number of issues including certain revisions to the employee pension trust plan. One of the provisions of the new pension plan was that a surviving spouse of an employee who retired after August 1, 1969, would be entitled to certain specified benefits, if the employee died between specified ages.

In accordance with the pension agreement, the Mellon National Bank & Trust Company, one of the defendants in these matters, was named as the administrator of the pension fund. However, the facts will show that the Timken Company had its own staff employee who manned an insurance office within the company in order to procure information pertaining to the pension and its benefits, and to advise its employees on such benefits due them under the plan. The facts show that the company had placed various posters throughout its plants, informing the prospective retirees to consult with the company insurance office concerning the retirement benefits due them.

The facts show that Mr. Erion decided sometime in the early part of 1969 that he would retire from the Timken Company during the year. Mr. Erion had certain discussions about his retirement and benefits under the pension plan with Mr. Harold Hoy, who handled the insurance and pension matters for the Timken Company. Mr. Hoy testified that he only remembered one such discussion having taken place, that being on July 3, 1969.

Further, Mr. Hoy testified that he was aware that Mr. Erion would, under the pension plan, have had to remain in the employment of the Timken Company until August 1, 1969, in order to qualify Mrs. Erion for survivors' benefits. Mr. Hoy indicated that this matter had not been discussed. Further, Mr. Hoy stated that it was company

policy to respond to any direct inquiries made by an employee, but not to voluntarily offer suggestions, advice or assistance to a potential retiree.

Mr. Erion retired from the Timken Company July 25, 1969, and received certain lifetime benefits under the pension plan. Mr. Erion died on March 28, 1974, and Mrs. Erion contacted Mr. Hoy at the Timken Company, and the latter informed Mrs. Erion that she was not entitled to any survivors' benefits because her husband had retired prior to the August 1, 1969, date set forth in the pension plan. This action was thereafter brought by Mrs. Erion against the Timken Company and Mellon Bank & Trust as administrator of the pension fund, in order to recover the survivors' benefits to which Mrs. Erion claimed she was entitled under the pension plan.

The complaint of the plaintiff set forth two theories of recovery, as follows:

"1. That defendants failed to advise either the plaintiff or her husband prior to his retirement that plaintiff would not be entitled to the surviving spouse benefit if he retired July 25, 1969—that is, seven days before the date specified in the Pension Agreement as the date after which the employee's retirement must take place to establish eligibility of the surviving spouse.

"2. That plaintiff's husband was advised by a representative of Timken that if he retired on July 25, 1969, he would have satisfied all prerequisites for the plaintiff to receive the surviving spouse's benefits in the event of his death following retirement and between the ages of 55 and 65."

At the trial hereof, and over the objection of the Timken Company, Mrs. Erion testified that Mr. Erion disclosed to her during the early part of 1969 that he was considering retirement. Further, she testified that Mr. Erion had told her that he had visited the insurance department of Timken Company on several occasions to consult with the official responsible for the insurance department concerning his retirement and the available benefits of the then existing pension plan. She further testified that Mr.

Erion had told her that he was advised that he would be entitled to all available benefits, including benefits for Mrs. Erion as surviving spouse.

Also, Mrs. Erion's brother, Mr. Bernard Flynn, testified, over the objection of the Timken Company, that he had discussed with the decedent, sometime in September or October 1968, the decedent's possible retirement. Mr. Flynn testified that their discussion centered about the possibility of Mr. Erion and Mr. Flynn going together in a business venture, and that the subject of retirement benefits and survivors' benefits came into the discussion, in that Mr. Flynn told Mr. Erion that he had determined not to enter into the joint venture because he did not wish to terminate his employment and thus have to withdraw from the pension plan of his employer and deny his wife survivor benefits under the plan. Mr. Flynn testified that Mr. Erion had told him that he had had a discussion with one of the officials of the company and that he had been advised that Mrs. Erion would be entitled to survivors' benefits under the new pension plan.

At the conclusion of the plaintiff's case, the defendants moved for directed verdicts. The court dismissed the defendant Mellon Bank & Trust Company, but retained the action against the Timken Company as to one claim of negligence; *i. e.,* that Mr. Erion had been improperly advised by a representative of Timken that if he retired on July 25, 1969, he would have satisfied all of the prerequisites for the plaintiff to receive the surviving spouse benefits. However, the trial court dismissed the claim that the defendants had failed to advise either the plaintiff or her husband, prior to his retirement, that plaintiff would not be entitled to surviving spouse benefits if he retired on July 25, 1969.

The Timken Company appeals such judgment, setting forth the following assignments of error:

1. "The Common Pleas Court erred in admitting, over defendants' objection, testimony by the plaintiff and her brother concerning conversations between each of them and plaintiff's husband, now deceased, in which he allegedly told them of conversations he had held with represen-

tatives of defendant, the Timken Company, about plaintiff's eligibility for pension benefits as his surviving spouse in the event of his death following retirement.''

2. ''The Common Pleas Court erred in overruling the motion of defendant, the Timken Company, for judgment notwithstanding the verdict.''

3. ''The Common Pleas Court erred in overruling the motion of defendant, the Timken Company, for a new trial.''

4. ''The final order and judgment of the Common Pleas Court is against the manifest weight of the evidence.''

The plaintiff, Mrs. Erion, cross-appeals, setting forth the following claimed errors:

''1. The trial court erred in directing a verdict in favor of the defendant Timken Company on the following issues:

"A. Defendant Timken Company's failure to advise plaintiff's husband of the effect of plaintiff's husband's retiring seven (7) days prior to the effective date of the survivor's benefit.

"B. In directing a verdict on Count I of plaintiff's complaint.

"C. In directing a verdict on Count III of plaintiff's complaint.

''2. The court erred in directing a verdict in favor of the defendant Mellon Bank N. A. at the conclusion of the plaintiff's case.

"3. The trial court erred in overruling the Conditional Motion for New Trial filed under Civil Rules 59 and 50 (C)(2).''

It is agreed that the only evidence presented by the plaintiff on the issue of whether erroneous or misleading information had been given her husband by defendant Timken Company was the testimony of the plaintiff herself and that of her brother, concerning certain conversations between them and Mr. Erion. The testimony of both of these these witnesses was to the effect that Mr. Erion told them that he had received information from the representative

of the Timken Company that, upon his death, Mrs. Erion would be eligible for survivors' benefits under the pension plan.

The appellant takes the position that since both of these witnesses were testifying concerning statements made to them by plaintiff's husband about things which he had done and heard, and the evidence was offered as proof that the plaintiff's husband had done and heard those things, this testimony was clearly hearsay evidence.

The appellant further argues that the testimony does not fit into any of the traditionally recognized "exceptions" to the general rule that hearsay evidence is not admissible. The exceptions noted by the appellant as not applying here were (1) declarations or admissions against interest, (2) statements and acts which are a part of the *res gestae*, (3) matters of pedigree and family history, (4) matters of general public concern and interest, (5) entries in the course of business, (6) dying declarations, (7) boundaries, and (8) general reputation and notoriety.

Appellant notes an additional "exception," that being statements of persons which are indicative of their intentions, feelings or other mental state at a particular time, where their intentions or mental state are material to the issues in the trial. However, appellant hastens to add that such exception also is not applicable here in that the testimony adduced was not admitted merely to show the intention or mental state of Mr. Erion, but was also offered in proof of the claim that certain statements were in fact made by a representative of the Timken Company.

The appellee basically argued in the trial court, and again here, that the trial court should, and correctly did, permit the testimony of Mrs. Erion and Mr. Flynn upon the basis that such was for the purpose of showing Mr. Erion's state of mind concerning his retirement, and his intent to take care of his wife through his pension plan upon his death. Such exception, argues the appellee, was recognized by this court in the case of *In re Estate of Evans* (1941), 71 Ohio App. 127.

Although the analogy between this case and *Evans*

is not precise, the general thrust of the exception, as stated therein, may be favorably compared. In *Evans*, the testimony of the administrator was permitted to show the state of mind or intent of the deceased, when the latter delivered personal property to an alleged donee.

This court, in permitting such testimony in *Evans*, quoted Wigmore, as follows:

"In Wigmore's Code of Evidence (3 Ed.), 269, Rule 150, it is stated that the extrajudicial assertions not satisfying certain requirements referred to may, nevertheless, be admitted if three general conditions are found fulfilled: (1) A necessity for using it; (2) A circumstance diminishing the risk of untrustworthiness; (3) A testimonial qualification such as would have been required of the person if called as a witness. The author states that the necessity may consist in the unavailability of the other testimony from the same person, *as where he is deceased.* * * *

"When, further, the circumstances indicate trustworthiness, the principle of the rule already alluded to, underlying the exceptions of the hearsay rule is fulfilled. 'This broad exception is an indispensable safety-valve, to relieve from the otherwise too inflexible limitations of the other exceptions.' " (Pages 141, 142.)

In this case, the testimony of Mrs. Erion and that of her brother could reasonably be permitted to show Mr. Erion's state of mind pertaining to matters of his retirement. As to a matter as important in one's lifetime as is retirement and the benefits which will accrue to the retiree and to his survivors, it may be reasonably assumed that the potential retiree would discuss with his wife the gamut of the information made available to him.

It does not seem reasonable that he would have fabricated matters pertaining to his retirement and the benefits thereunder or conversations had with those at his place of employment concerning such retirement and benefits.

In like manner, the testimony of the plaintiff's brother concerning his prior conversations with Mr. Erion was permissible in that it tended to show the state of mind

of Mr. Erion, that he was retiring with the thought that his wife would be protected with survivors' benefits. This conversation in reference to Mr. Erion's retirement benefits seemed to be a very plausible one under the circumstances, in that Mr. Flynn testified that he told Mr. Erion in that conversation that he had decided not to join Mr. Erion in a business venture because he did not wish to draw out his money as previously invested in his company pension plan, and that Mr. Flynn's wife would lose her survivors' benefits under such program.

We believe even a stronger argument has been made by the appellee for the allowance of such testimony, and that is the principle embodied in the Federal Rules of Evidence.[2]  Fed. R. Evid. 803(24) and 804(b)(5) provide for the admission of such type of testimony whether or not the declarant is available, where the guarantees of trustworthiness are high, and no other evidence, or very little evidence, is available on the point, and where justice would be served by such admission of what would otherwise be excluded as being hearsay.

Fed. R. Evid. 803(24) and 804(b)(5) are the same, and read as follows:

"*Other exceptions.*—A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of truthworthiness, if the court determined that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. * * *"

It should be noted here that the newly proposed rules of evidence for the state of Ohio contain the exact language of both of the aforestated federal rules. Such sections under the proposed Ohio rules are numbered, respectively, 803(24) and 804(b)(6). Although these sections are not

[2]Title 28, U. S. Code, page 1954 (1970 ed., supp. IV).

yet specifically controlling, in that they have not been formally adopted, it is our view that they not only reiterate the federal rules, but also put into formal terms what has in practice been the Ohio rule for this particular matter of hearsay.

The appellee points out that in 4 Weinstein's Evidence, Paragraph 803(24)[01] (1976), in discussing the above stated rules, there are five prerequisites to the admission of these types of declarations, as follows:

1. Statement must have circumstantial guarantees of truthworthiness;

2. Statement must be offered as evidence of a material fact;

3. The statement must be more probative than other available evidence which could be produced through reasonable efforts;

4. Admissibility must accord with the interest of justice.

5. The party offering such evidence must make an intention to offer it known to the adverse party.

We wish to add that as to prerequisite number three above, there must be a clear showing of the absence of other available evidence, and a showing of the necessity of its admission. Also, we wish to emphasize that the admission of such otherwise hearsay testimony must be clearly shown to be in the best interest of justice.

It is our view that all of the prerequisites, as stated above, have been met within the facts of this case. We therefore hold that the trial court did not abuse its discretion in permitting the evidence to go to the jury. All assignments of error are hereby overruled.

## II.

The appellee, Mrs. Erion, cross-appeals, setting forth the aforestated claimed errors.

Here the facts show that Mr. Erion had been an employee of the Timken Company for nearly 32 years. The facts show that the Timken Company had, prior to the 1969 pension plan, as well as after such new plan came into being, maintained an insurance department in the various

plants that it operated for the purpose of conveying information in regard to the existing insurance and pension plans available to the employees.

Further, the facts show that posters were placed in various parts of the plant, informing the employees that insurance information would be available to them at the insurance office of the company.

Mr. Hoy, an employee of the Timken Company who had been in charge of the insurance department at the time of Mr. Erion's retirement discussions, testified that he remembered having a conference with Mr. Erion. Mr. Hoy testified that he was aware that the pension plan required that the employee continue in his employment until August 1, 1969, in order to qualify for survivors' benefits.

We hold that, under the facts of this case, there was a fiduciary relationship established between the Timken Company and the employees in regard to the consultations it had through its insurance department with the prospective retirees. Although we would not hold the Timken Company to the duty of explaining every conceivable legal ramification of the pension plan to its employees, certainly the more obvious and pertinent points should have been brought to the attention of the employees without the requirement of a specific question on the subject by the employee.

We hold that the defendant Timken Company should have informed Mr. Erion that his retirement before August 1, 1969, would deny his wife the survivors' benefits under the new plan, which would otherwise have been available to her had retirement been delayed until after August 1, 1969.

Not having carried out this responsibility to one of its employees in this regard, under the facts of this case, would constitute negligence on the part of the employer Timken Company.

Accordingly, we hold that the trial court erred in directing a verdict in favor of defendant Timken Company on the issue of the Timken Company's failure to advise Mr. Erion of the effects of his early retirement prior to August 1, 1969.

However, in that we have previously overruled the errors assigned by the Timken Company and affirmed the judgment herein for Mrs. Erion, we hold the error found in this cross-appeal to be nonprejudicial.

All of the errors of the cross-appeal are accordingly dismissed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.